# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:00-cr-00427-PMP-VCF-1 |
| v. ) | |
| ) | **O R D E R AND** |
| WILLIAM HENRY COLLIER, ) | **REPORT & RECOMMENDATION** |
| ) | |
| Defendant. ) | (Motion/Application to Proceed *In Forma* |
| ) | *Pauperis* #149, Motion for Appointment |
| ) | of Counsel #150, and Motion for Writ of |
| ) | Habeas Corpus #151) |

## **REPORT & RECOMMENDATION**

Before the court are defendant William Henry Collier's Motion/Application to Proceed *In Forma Pauperis* (#149), Motion for Appointment of Counsel (#150), and Motion for Writ of Habeas Corpus (#151). The government filed an Opposition to the Motion for Writ of Habeas Corpus (#151). (#155). Defendant did not file a Reply.

**Motion/Application to Proceed *In Forma Pauperis* (#149)**

Defendant Collier asserts in his motion/application to proceed *in forma pauperis* that he is incarcerated at the Southern Desert Correctional Center, and that he is not employed. (#149). Defendant represents to the court that he does not receive any money from any source, and that his current inmate account balance is $00.61, and his average monthly balance is $100.47. *Id.* Accordingly, defendant's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

**Motion for Writ of Habeas Corpus (#151)**

    **A.**    **Relevant History**

Defendant plead guilty and was convicted of armed bank robbery and using a firearm during

and in relation to a crime of violence. (#155).[1] Defendant was sentenced to a total of 123 months imprisonment. *Id.* Since his sentencing, defendant has filed several motions and appeals seeking relief related to his conviction and sentencing. *Id.* In 2003, defendant filed a motion to vacate under 28 U.S.C. § 2255 (#55), and the court denied the motion (#68). Both this court and the Court of Appeals denied defendant's request for certificate of appealability. (#71 and #74). Defendant also filed a motion to dismiss in 2004 (#78), which this court denied (#79) and the Court of Appeals dismissed for lack of jurisdiction and characterized as being "duplicative of his unsuccessful...2255 motion (#106).

In 2005, defendant filed a motion seeking Rule 60(b)(4) relief and arguing that the judgment against him was void. (#105). This court denied the motion in 2006. (#109). In 2007, defendant filed a motion for "writ of Coram Nobis," arguing that this court did not possess subject matter jurisdiction to accept defendant's guilty plea. (#118). The court denied the motion. (#120). In 2008, defendant filed a motion with the court asserting double jeopardy (#121), and a motion to dismiss revocation violation (#124). The court denied defendant's motions (#128), and on appeal (#131), the Ninth Circuit dismissed the appeal due to untimeliness (#136). In 2009, defendant filed a motion to dismiss revocation hearing (#137), and the court denied the motion for lack of jurisdiction (#138). Defendant appealed (#139), and the Ninth Circuit dismissed the appeal for failure to prosecute (#143). Defendant filed the instant motion for writ of habeas corpus on July 26, 2013, asserting that 18 U.S.C. § 3231, which conferred subject-matter jurisdiction of this criminal proceeding on this court, was not properly enacted into law and is void. (#155).

**B.   Arguments**

Defendant argues that this court lacks jurisdiction over the criminal proceedings against him, as Public Law 80-722, which enacted 18 U.S.C. § 3231, was never passed by the U.S. House of

---

[1] The government asserts that it cannot find the indictment in this criminal proceeding, and that the document titled "Indictment" on the docket, is actually defendant's first 2255 petition.

2

Representatives. (#151). The government opposes the motion (#151), and asserts that the defendant's argument is "utterly meritless," has been consistently rejected by every court that has considered it, is precluded by the "enrolled-bill rule," and is untimely and successive. (#155).

### C. Relevant Law/Discussion

28 U.S.C. § 2255(a), provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." A one-year period of limitation applies to a motion under section 2255, and "[t]he limitation period shall run from the latest of– (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

Section 2255(h) states that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain– (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable" 28 U.S.C. § 2255(h).

Defendant's motion for writ of habeas corpus (#151) is both untimely and improperly filed.

Defendant was convicted and sentenced almost ten (10) years ago. *See* 2:00-cr-00427-PMP-VCF-1. Since his sentencing, defendant has filed motions with the court asking the court to vacate his sentence under § 2255 and dismiss his sentence for lack of jurisdiction (#55 and #78). Judgment against defendant became final in 2003 (#68), and defendant does not argue that any "impediment" created by the government made it impossible for him to file the instant motion earlier, the Supreme Court has not recognized any right of defendant to seek the requested relief, and 18 U.S.C. § 3231, which defendant challenges, was signed into law in 1948. *See* 28 U.S.C. § 2255(f). Defendant's motion (#151) should be denied as untimely. *Id.*

Defendant's motion (#151) was also improperly filed, as the instant motion is not defendant's first request for relief under § 2255, and he did not obtain certification to file a successive motion. *See* 28 U.S.C. § 2255(h). The court advises defendant that even if he properly sought certification pursuant to § 2255(h), such certification would be denied, as defendant's motion for writ of habeas corpus (#151), based on the argument that § 3231 was not properly enacted, lacks merit. Pursuant to 18 U.S.C. § 3231, "[t]he district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." This court addressed defendant's same argument regarding the enactment of § 3231 in *United States v. Mendez*, 2:08-CR-024-JCM-GWF, 2012 WL 1155712 (D. Nev. Apr. 6, 2012), and held that "[e]very court to have considered such a claim has rejected it. For example, as recently as 2010 the Third Circuit has affirmed that "Section 3231 was properly enacted and is binding." *Wolford v. United States*, 362 Fed. Appx. 231, 232 (unpublished)." The case law is clear, that §3231 was properly enacted and is binding.[2]

---

[2] *See, e.g., United States v. Penwell*, 455 Fed. Appx. 181 (3d Cir. 2011) ("The validity of § 3231 has been affirmed by every court to address it" (collecting cases)); *United States v. Young*, 428 Fed.Appx. 9 (D.C. Cir. 2011) (unpublished) ("Appellant's argument that 18 U.S.C. § 3231 was not properly enacted is without merit.");*United States v. Collins,*510 F.3d 697, 698 (7th Cir. 2007) (the argument "that Title 18 – the federal criminal code – is unconstitutional because of supposed irregularities in its enactment" is "unbelievably frivolous"); *United States v. Risquet*, 426 F. Supp.2d 310 (E.D. Pa. 2006) ("The 1948 amendment to § 3231 passed both houses of Congress and was signed into law by President Truman on June 25, 1948.")

4

**Motion for Appointment of Counsel (#150)**

As the court finds that defendant's motion for writ of habeas corpus (#151) should be denied, plaintiff's motion for appointment of counsel to represent him in his habeas petition (#150), is denied as moot.

Accordingly, and for good cause shown,

IT IS ORDERED that defendant William Henry Collier's Motion/Application to Proceed *In Forma Pauperis* (#149) is GRANTED.

IT IS FURTHER ORDERED that defendant is permitted to maintain the action to conclusion without necessity of prepayment of any additional fees, costs, or security.  This Order granting *forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that defendant's Motion for Appointment of Counsel (#150) is DENIED.

## RECOMMENDATION

IT IS RECOMMENDED that defendant's Motion for Writ of Habeas Corpus (#151) be DENIED.

DATED this 20th day of August, 2013.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

5